85 F.3d 637
 157 L.R.R.M. (BNA) 2064
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
General Teamsters & Food Processing Local Union 87; Fresh
Fruit & Vegetable Workers Local 78-B UFCW,
Petitioners-Intervenors,
v.
Bob GRIMM; Rod Grimm; General Partners, d/b/a Grimmway
Farms and d/b/a Grimmway Frozen Foods, Respondents.
 No. 94-70511.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1996.
Decided May 8, 1996.
 
 1
 Before: PREGERSON and T.G. NELSON, Circuit Judges, and GEORGE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The National Labor Relations Board ("NLRB") petitions for enforcement of its final order against Respondents Bob Grimm, Rod Grimm, Grimmway Farms, and Grimmway Frozen Foods ("Grimmway"). The NLRB found that Grimmway violated the National Labor Relations Act ("NLRA") §§ 8(a)(1) & (3), 29 U.S.C. §§ 158(a)(1) & (3) (1973), by interrogating its employees, setting an overly broad no solicitation rule, refusing to rehire employees who participated in protected concerted activity, blaming the General Teamsters & Food Processors Local 87 and Fresh Food & Vegetable Workers Local 78-B (together the "Union") for delay of health insurance benefits, and firing an employee for his pro-union sympathies. We have jurisdiction under NLRA § 10(e), 29 U.S.C. § 160(e) (1973). Because there is substantial evidence to support the NLRB's decision, we grant enforcement of its order except for the NLRB's finding regarding the refusal to rehire employees who participated in concerted activity. We deny enforcement for the refusal to rehire violation because the claim was not timely.
 
 I. STANDARD OF REVIEW
 
 4
 We will affirm the NLRB's decisions if its findings of fact are supported by substantial evidence and if the agency correctly applied the law. Retlaw Broadcasting Co. v. NLRB, 53 F.3d 1002, 1005 (9th Cir.1995). We will not displace the NLRB's "... choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); Retlaw Broadcasting, 53 F.3d at 1005.
 
 II. DISCUSSION
 
 5
 NLRA § 7 protects the employees' right to "self-organization, to form, join, or assist labor organizations ... and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection...." 29 U.S.C. § 157 (1973).
 
 A. Uncontested Findings
 
 6
 Grimmway does not challenge the NLRB's finding that the following actions by Grimmway were violations of NLRA § 8(a)(1): supervisor Agraz's promise to relay the employees' concerns to the employer who would resolve them; supervisor Montes' conditional offer of promotion to employee Garcia; interrogation of union supporters Guttieruz and Pantoja behind closed doors; and supervisor Sierra's overly broad no-solicitation warning to employee DeBedolla. Grimmway also does not challenge the NLRB's finding that supervisors Cuevas and Rosson's overly broad no-solicitation written warning to employee Ruiz was a violation of NLRA §§ 8(a)(1) & (3). Because Grimmway does not contest these findings, we affirm this part of the NLRB's decision. See Fed.R.App.P. 28(a)(6); Martinez v. Wilson, 32 F.3d 1415, 1421 n. 7 (9th Cir.1994).
 
 B. Refusal to Rehire
 
 7
 The NLRB found that Grimmway violated NLRA § 8(a)(1) by refusing to rehire employees because they had engaged in an earlier concerted refusal to work. Grimmway decided not to rehire the sanitation employees in May 1990, at the time of the firing.
 
 
 8
 Although the ALJ received evidence on whether Grimmway notified employees that they were not eligible for rehire at the time of the firing, he did not make a finding on the issue. Nevertheless, the Board concluded that Grimmway first notified the employees that they were ineligible for rehire at the time they applied for rehiring in 1991, stating: "there is no credible evidence in the record that the employees were told at the time of their discharge that they were ineligible for rehire." Grimm, 314 NLRB No. 21, fn. 2. This statement, however, is contradicted by the record. During the hearing before the ALJ, General Counsel elicited testimony from the employees that Grimmway informed them, at the time of the discharge, that they were ineligible for rehire. Because Grimmway notified the employees of its improper decision not to rehire them in May 1990, the § 10(b) limitations period of six months for that refusual to rehire violation expired before the charge of unfair labor practice was filed. Thus, because we find that the refusal to rehire claim is not timely, we will not grant enforcement of this part of NLRB's order.
 
 C. Threats of Reprisal
 
 9
 We have held that "[t]hreats of adverse economic consequences resulting from unionization violate section 8(a)(1)." NLRB v. Chatfield-Anderson Co, Inc., 606 F.2d 266, 267 (9th Cir.1979); NLRB v. Randall P. Kane, Inc., 581 F.2d 215, 218 (9th Cir.1978).
 
 1. Delay of Health Insurance
 
 10
 In Chatfield-Anderson, the employer withheld "contemplated raises and bonuses." 606 F.2d at 267. We held that such withholding or delay of promised compensation was among the "clearest forms of unfair labor practices," because such delays are not legitimate consequences of unionization but veiled "threats of retaliation." Id. at 268.
 
 
 11
 Like the employer Chatfield-Anderson, Grimmway delayed a contemplated benefit of a health insurance plan. Employees DeBedolla and Villalobos testified that Rod Grimm stated that Grimmway had been planning to implement a health insurance plan, "but at the time he couldn't because the persons from the union were there." Grimm, 314 N.L.R.B. at 92. Grimm's statement implies a threat to withhold health insurance unless the union was defeated. Grimmway employees were likely to understand Grimm's statement as an implied threat especially when Grimmway engaged in other independent unfair labor practices such as unlawful interrogations, refusal to rehire, and unlawful discharges. See NLRB v. Carilli, 648 F.2d 1206, 1212 (1981) (noting that a pattern of unfair labor practices "lend credence" to the NLRB's finding of other unfair labor practices). There is no substantive difference between the intentional delay of raises and bonuses in Chatfield-Anderson and the delay of planned health insurance. We therefore conclude that Grimmway's delay violated NLRA § 8(a)(1).
 
 2. Threats of Lower Compensation
 
 12
 In Randall P. Kane, the employer told its employees that it would impose harsher work conditions and lower overall compensation if they unionized. On these facts, we affirmed the ALJ's finding that such threats violated NLRA § 8(a)(1). Randall P. Kane, 581 F.2d at 219.
 
 
 13
 Here, Grimmway told its employees that if they unionized, Grimmway would shorten their daily shifts from eleven hours to eight hours. This reduction of hours would greatly reduce the employees' overall compensation because they would no longer receive overtime pay. Grimmway also threatened that if the employees unionized, some jobs would be cut. The NLRB found that these economic threats discouraged employees from unionizing and violated NLRA § 8(a)(1). We uphold the NLRB's findings because substantial evidence supports its position.
 
 D. Termination of Employee Pelayo
 
 14
 Like NLRA § 8(a)(1), § 8(a)(3) makes it an unfair labor practice for an employer to discriminate "in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization...." 29 U.S.C. 158(a)(3).
 
 
 15
 The ALJ found that Grimmway did not reinstate employee Pelayo because of Pelayo's support for the union. The NLRB affirmed this finding. Both employees Miguel Garcia and Fernando Romero testified that they heard supervisor Diaz state that supervisor Hernandez was not "going to give [Pelayo] work because he was talking about the union too much." Grimm, 314 NLRB at 91. These statements provide substantial evidence that Grimmway did not reinstate Pelayo after his leave of absence because Pelayo was a union supporter. We therefore affirm the NLRB's findings that Grimmway violated §§ 8(a)(1) & (3). Universal Camera Corp. v. NLRB, 340 U.S. 474, 488, 71 S.Ct. 456 (1951).
 
 III.
 
 16
 For the reasons discussed above, we affirm the NLRB's findings of unfair labor practices except for its finding regarding the refusal to rehire claim. We deny enforcement on the refusal to rehire violation because it was not timely.
 
 
 17
 ENFORCEMENT GRANTED IN PART, DENIED IN PART.
 
 
 
 *
 The Honorable Lloyd D. George, Chief Judge, United States District Court for the District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3